UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS RATLIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:11-cv-00888-TWP-DKL |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY

This matter is before the Court on Defendant Menard, Inc.'s ("Menards") Motion to Exclude Portions of the Expected Testimony of Gary M. Chambers, P.E. (Dkt. 58). Plaintiff Curtis Ratliff ("Mr. Ratliff) filed this negligence action against Menards after he was injured while repairing a light fixture at the Camby, Indiana Menards location. To support his claim, Mr. Ratliff has proffered the expert report of Gary M. Chambers, P.E. ("Mr. Chambers") of Wolf Technical Services, Inc. Menards does not challenge Mr. Chambers's qualifications, but contends portions of the report and expected testimony do not satisfy the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). For the reasons explained below, the Court **DENIES in part** and **GRANTS in part** Menards's motion (Dkt. 58).

### I. BACKGROUND

The Court previously denied Menards's motion for summary judgment (Dkt. 69). Detailed facts and the background of this case can be found in that Entry. Relevant to the current motion, Mr. Chambers completed a report in which he opined that the roof of the chain link structure, on which Mr. Ratliff stood, lacked structural stability making it subject to collapse. He

1

further opined that the structure was a hazardous condition not apparent to the untrained eye. Additionally, Mr. Chambers opined that had the structure been built according to Menards's site plans, the structure "likely" would have supported Mr. Chambers's weight. Finally, Mr. Chambers concluded Menards had a duty to warn Mr. Chambers of the known hazard, and that had Menards approved the use of a lift, Mr. Ratliff would not have been exposed to the hazard.

## II.  LEGAL STANDARD

"Under the *Daubert* gatekeeping requirement, the district court has a duty to ensure that expert testimony offered under Federal Rule of Evidence 702 is both relevant and reliable." *Jenkins v. Bartlett*, 487 F.3d 482, 488–89 (7th Cir. 2007). "Whether proposed expert testimony is sufficiently reliable under Rule 702 is dependent upon the facts and circumstances of the particular case." *Id.* The Court is given latitude to determine "not only how to measure the reliability of the proposed expert testimony but also whether the testimony is, in fact, reliable." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010). "The court should [ ] consider the proposed expert's full range of experience and training in the subject area, as well as the methodology used to arrive at a particular conclusion." *Id.*

However, in a bench trial, as in this case, the court's gatekeeping role is necessarily different. *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006). The Seventh Circuit explains as follows:

> Where the gatekeeper and the factfinder are one and the same – that is, the judge – the need to make such decisions prior to hearing the testimony is lessened. *See United States v. Brown*, 415 F.3d 1257, 1268–69 (11th Cir. 2005). That is not to say that the scientific reliability requirement is lessened in such situations; the point is only that the court can hear the evidence and make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.

## III.  DISCUSSION

Menards puts forth three arguments why portions of Dr. Chambers's report should be excluded.  First, relying on *Porter v. Whitehall Laboratories, Inc.*, 791 F. Supp. 1335, 1345 (S.D. 1992), Menards contends that "an opinion relating to an unknown relationship (a hypothesis) does not further the trier of fact's ability to determine a fact dependent upon that hypothetical relationship."  Because Mr. Chambers did not personally inspect the chain link cage structure shortly after the accident occurred, but inspected it three years later, Menards argues Mr. Chambers is relying on unknown facts.  Mr. Ratliff responds that when Mr. Chambers conducted his investigation, he relied upon a report completed shortly after the accident occurred that included 46 photographs.  The Court will allow Mr. Chambers to testify and give his opinion on the chain link cage structure on the date of the incident.  To the extent that this opinion does not rely on facts, but upon hypotheticals, the Court will disregard such testimony.  However, the Court sees no need to exclude testimony of this nature at this stage of the proceedings.

Second, Menards contends Mr. Chambers's "opinions should be excluded because he fails to explain what testing he did to confirm his opinions, and especially his causation opinions."  Dkt. 58 at 5.  Specifically, Menards argues Mr. Chambers failed to take into consideration Derek Uran's deposition and did not use reliable principles or methods.  Menards's chief complaint is that Mr. Chambers did not conduct any testing or recreation of the accident.  Mr. Ratliff responds that such arguments provide "fodder for cross-examination" but "does not provide support for a preliminary exclusion of testimony."  Dkt. 68 at 8.  That is, because Mr. Chambers will provide foundational testimony specifically outlining the facts, data, and methods upon which he relied, reliability will be established.  Furthermore, Mr. Ratliff argues it is not necessary in this case to require a recreation of the accident under Rule 702's flexible test.

An expert is able to "draw a conclusion from a set of observations based on extensive and specialized experience." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999). Expert opinions must, however, have analytically sound bases and be more than mere speculation. *Smith v. Ford Motor Co.*, 215 713, 719 (7th Cir. 2000). The Court will allow Mr. Chambers to testify based on his experience and any testimony with weak support will be discounted. Any testimony that is completely unsupported will be disregarded. However, the Court sees no reason to exclude such testimony at this time.

Third, Menards contends Mr. Chambers's opinions contain improper legal conclusions. Mr. Ratliff responds that "while [Mr.] Chambers may not be able to provide a *legal* opinion as to the ultimate issue of Menards' duty in this case, he is certainly qualified by experience and expertise to opine as to whether Menards should have advised that the fence cage had been damaged prior to instructing Plaintiff to utilize the cage to work on Defendants' outdoor lighting system." Dkt. 68 at 9. The Court finds that Mr. Chambers's report does contain some legal conclusions, such as "Menards had a duty to inform Ratliff of the damage to the chain link security cage prior to his working on the cage roof but failed to do so." Dkt. 49-4 at 4. The law is well settled that legal conclusions are not helpful to the trier of fact; therefore, the Court will exclude any legal conclusions by the expert.

## IV. CONCLUSION

For the reasons herein, the Court **DENIES in part** and **GRANTS in part** Defendant's motion to exclude portions of Mr. Chambers's expert testimony (Dkt. 58). Mr. Chambers is allowed to testify regarding his expert report with the exception that legal conclusions are excluded.

SO ORDERED.  11/27/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey S. Tabor
TABOR LAW FIRM
jstabor@taborlawfirm.com

Michael Edmund Walschlager
TABOR LAW FIRM LLP
mwalschlager@taborlawfirm.com

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net